

# Ginarte Gallardo González Winograd L.L.P.

JOSEPH A. GINARTE ✱
MICHAEL A. GALLARDO ◻
RICHARD M. WINOGRAD ▽◻
MANUEL GONZALEZ ∆
ELLEN RADIN ∆ 3
MARK MAURER ◻
LEWIS ROSENBERG ◊ 3
STEVEN R. PAYNE ◻ ○
ROBERT H. BAUMGARTEN ◻
JOHN J. RATKOWITZ ∆ 3
PATRICK M. QUINN +
JAMES P. KRUPKA ∆
MATTHEW V. VILLANI ∆
RICHARD J. ISOLDE ◻
JOHN M. PIRO ◻
JAMES M. MERENDINO ▽ 3
TIMOTHY NORTON +
CHRISTOPHER IAVARONE ∆
DANIEL L. MAISEL ∆
MICHAEL L. EDELMAN ◻
TIMOTHY BARTZOS ∆
JACQUELINE CLEVELAND SANDY ∆
NICHOLAS BLATTI +
JONATHAN SAKS +
DOREEN E. WINN ◻ 3

ATTORNEYS AT LAW
GINARTE PROFESSIONAL BUILDING
400 MARKET STREET
NEWARK, NJ 07105

**Direct Dial**
(973) 854-8418
FAX: (973) 585-2639

WWW.GINARTE.COM
Ginarte ® is a registered trademark in the U.S. Patent and Trademark Office

NEWARK
NEW YORK
UNION
CITY
ELIZABETH
CLIFTON
PERTH AMBOY
QUEENS

▽ CERTIFIED CIVIL TRIAL ATTORNEY
2 CERTIFIED WORKERS COMPENSATION ATTORNEY
3 OF COUNSEL
+ ADMITTED TO NY
◻ ADMITTED TO NJ & NY
✱ ADMITTED TO NJ, NY & DC
◊ ADMITTED TO NY & MA
∆ ADMITTED TO NJ
○ ADMITTED TO CALIFORNIA
ROGER GUARDA, CLAIMS MGR.
EDELMAN & EDELMAN 3
JOSEPH P. CARFORA 3

March 29, 2018

**Via ECF**
Clerk-Civil Law Division
United States District Court
District of New Jersey
Martin Luther King Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

RE: <u>Gega, et al. v. Wammer Transport LLC, et al.,</u>
Civil Action No. 2:17-cv-01243
Our File No.: 247178

Dear Sir/Madam:

Enclosed for filing please find an Amended Complaint, Jury Demand, and Trial Designation with regard to the above listed matter. Same is being filed with the consent of all parties.

Should you have any questions or concerns, please do not hesitate to contact our office.

Thank you for your kind attention to this matter.

Very truly yours,
**GINARTE GALLARDO GONZALEZ & WINOGRAD, LLC.**
/s/ John Ratkowitz
JOHN RATKOWITZ, ESQ.

JR/ec
Enclosure
cc: All Counsel of Record via ECF

JOHN RATKOWITZ, ESQ. 052591995
GINARTE, GALLARDO, GONZALEZ
& WINOGRAD, L.L.P.
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973)854-8400
Our File No.: 247178
Attorneys for plaintiff Cristian M. Calle-Valdez

| | |
|---|---|
| CRISTIAN M. CALLE-VALDEZ<br><br>Plaintiffs,<br>-v-<br><br>STEVEN LOUIS MEYER, WAMMER TRANSPORT, LLC, ADIL GEGA, ART CONSTRUCTION, WINONA LEASING COMPANY, C.H. ROBINSON WORLDWIDE, INC., JOHN AND JANE DOES 1-10 and ABC CORP. 1-10.<br><br>Defendants.<br><br>And<br><br>STEVEN LOUIS MEYER AND WAMMER TRANSPORT, LLC<br><br>Third-Party Plaintiffs,<br>-v-<br><br>ADIL GEGA and ART CONSTRUCTION<br><br>Third-Party Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 17-cv-01243 (MCA) (LDW)<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, Cristian M. Calle Valdez, residing at 495 Main Street, Apt. 191A, in the Township of Orange, County of Essex, State of New Jersey complaining of the defendants, deposes and says:

## JURISDICTION

1. Plaintiff is a resident of the State of New Jersey domiciled at 495 Main Street Apartment 191A, in the township of Orange, County of Essex State of New Jersey.

1

2. Defendant Wammer Transport, LLC (hereinafter Wammer), is a foreign corporation having its principal executive office at 153 West Lincoln Street Suite B, in Augusta, Wisconsin and regularly does business within this jurisdiction.

3. Defendant Steven Louis Meyer is a resident of the State at Wisconsin being domiciled at 140 Coitte Road in the Township of Augusta and State of Wisconsin.

4. Defendant Winona Leasing Co., (hereafter Winona), is a foreign corporation having its principal executive office at 1777 West Service Drive, Winona, MN 55987-2112, and regularly does business within this jurisdiction.

5. Defendant C.H. Robinson Worldwide, Inc., (hereafter C.H. Robinson) is a foreign corporation having its principal executive office at 14701 Charlson Road, Eden Prairie, MN 55347.

6. Jurisdiction arises in this Federal Court pursuant to 28 U.S.C.S. 1132 because plaintiff Cristian Calle Valdez, and defendants Wammer, Meyer, Winona and C.H. Robinson are citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

7. Pursuant to 28 U.S.C.S. §1332(a)(1), there is complete diversity in this case.

### FIRST COUNT

1. Plaintiff repeats and realleges the facts set forth in the jurisdictional paragraphs as if fully set forth herein.

2. On or about April 5, 2016, the defendant Meyer was the operator of a tractor trailer proceeding in a northbound direction on Route 23 in Wayne, New Jersey.

3. On or about April 5, 2016 Defendant Wammer was the owner of the tractor cab and Defendant Winona was the owner of the trailer operated by Meyer that was traveling north on Route 23, in Wayne, New Jersey.

2

4. On or about April 5, 2016 plaintiff Cristian Calle Valdez was a passenger in a vehicle operated by Adil Gega and owned by Art Construction that was stopped in the northbound lane of Route 23 in front of the vehicle being operated by defendant Meyer and owned by defendant Wammer.

5. At the aforementioned time and location defendant Meyer operated the vehciles owned by defendants Wammer and Winona in such a careless, reckless and negligent manner, so as to cause it to forcefully strike the vehicle in which plaintiff was a passenger, causing serious injuries to plaintiff Christian Calle Valdez.

WHEREFORE plaintiff Christian Calle Valdez demands judgment against defendants Wammer Transport LLC, and Steven Louis Meyer, and Winona Leasing Compnay, their agents, servants, and employees jointly, severally and alternatively for damages, interest, and costs of suit.

## SECOND COUNT

1. Plaintiff repeats and realleges each and every allegation of the first count of this complaint as if fully set forth at length herein.

2. At all times mentioned herein, the vehicle operated in a negligent manner by defendant Meyer was being operated while defendant Meyer was in the course of his employment for and on behalf of defendant Wammer Transport LLC.

3. The negligence of defendant Meyer in the operation of the motor vehicle which caused this accident occurred during the course and scope of his employment for defendant Wammer Transport LLC.

4. Defendant Wammer is liable to the plaintiff for the negligent acts of its employee Meyer pursuant to the principles of "respondeat superior."

3

WHEREFORE plaintiff Christian Calle Valdez demands judgement against defendants Wammer Transport LLC., their agents, servants, and employees jointly, severally and defendant Steven Louis Meyer alternatively for damages, interest, and costs of suit.

## THIRD COUNT

1. Plaintiff repeats and realleges each and every allegation of the first two counts of this complaint as if fully set forth at length herein.
2. At the time of the accident of April 5, 2016 which resulted in severe injuries to plaintiff, defendant Meyer was not qualified to operate the motor vehicle he was operating in a reasonably safe manner and in accordance with the applicable regulations of the Federal Motor Carrier Safety Act.
3. Defendant Wammer negligently entrusted the use and operation of its motor vehicle to an incompetent driver, defendant Meyer, who subsequently negligently operated that vehicle.
4. As a direct and proximate result of the negligent entrustment of this motor vehicle to defendant Meyer, defendant Meyer operated said motor vehicle in a careless, reckless and negligent manner so as to cause the vehicle to forcefully strike the vehicle in which plaintiff was a passenger, causing serious injuries to plaintiff.
5. As a direct and proximate result of the aforesaid negligence of the defendant's, the plaintiff, Cristian Calle Valdez, suffered severe and permanent injuries, and in the future will suffer great pain and emotional distress, was required to curtail his usual activities and pursuits and thereby incurred lost wages.

WHEREFORE plaintiff Christian Calle Valdez demands judgement against defendants Wammer Transport LLC, their agents, servants, and employees jointly, severally and alternatively for damages, interest, and costs of suit.

4

## FOURTH COUNT

1. Plaintiff repeats and realleges each and every allegation of the first three counts of this complaint as if fully set forth at length herein.

2. On or about April 5, 2016, the defendant, Adil Gega, decided to stop a vehicle owned by Art Construction, in the midst of traffic while in a northbound direction on Route 23 in Wayne, New Jersey in a careless, reckless and negligent manner resulting in a collision with Defendant Meyer, causing serious injury to plaintiff Christian Valle Valdez.

WHEREFORE plaintiff Christian Calle Valdez demands judgment against defendants Adil Gega and Art Construction, their agents, servants, and employees jointly, severally and alternatively for damages, interest, and costs of suit.

## FIFTH COUNT

1. Plaintiff repeats and realleges each and every allegation of the first four counts of this complaint as if fully set forth at length herein.

2. At all times mentioned herein, the vehicle operated in a negligent manner by defendant Adil Gega was being operated while defendant Gega was in the course of his employment for and on behalf of defendant Art Construction.

3. The negligence of defendant Gega in the operation of the motor vehicle which caused this accident occurred during the course and scope of his employment for defendant Art Construction.

4. Defendant Art Construction is liable to the plaintiff for the negligent acts of its employee Adil Gega pursuant to the principles of respondent superior.

WHEREFORE plaintiff Christian Calle Valdez demands judgement against defendants Adil Gega and Art Construction their agents, servants, and employees jointly, severally and for damages, interest, and costs of suit.

## SIXTH COUNT

1. Plaintiff repeats and restates the allegations in the first five counts of this complaint as if set forth at length herein.
2. Defendant Winona owned the trailer involved in the April 5, 2016 accident and leased it to Defendant Wammer.
3. The injuries, harm, and damages suffered by the Plaintiff were the result of the negligent and reckless use of the vehicle by Defendants Wammer and Meyer in a way that was consistent with past actions of the defendants previously documented in prior repeated safety violations.
4. Defendant Winona, as the owner of the trailer driven by Defendant Meyer in the course of his employment with Wammer had the right to permit and the power to prohibit the use of said vehicle by the defendants.
5. Defendant Winona knew, or had reason to know, that Wammer and Meyer's past repeated safety violations created an unreasonable risk of harm to others.
6. As a direct result of Defendant Winona negligently entrusting the trailer it leased to Wammer, the Plaintiff, suffered the injuries, damages, and harm previously enumerated.

WHEREFORE plaintiff Christian Calle Valdez demands judgement against defendant Winona Leasing Co., its agents, servants, and employees jointly, severally and for damages, interest, and costs of suit.

## SEVENTH COUNT

1. Plaintiff repeats and restates the allegations in the first six counts of this complaint

6

       as if set forth at length herein.

2. Defendant C.H. Robinson is a third-party logistics provider which arranged for defendants Meyer and Wammer to transport the goods at the time of the April 5, 2016 accident.

3. The injuries, harm, and damages suffered by the Plaintiff were the result of the negligent and reckless use of the vehicle by Defendants Wammer and Meyer in a way that was consistent with past actions of the defendants previously documented in prior repeated safety violations.

4. Defendant C.H. Robinson, as a third-party logistics provider had the right to permit and the power to prohibit the shipment of goods by defendants Meyer and Wammer.

5. Defendant C.H. Robinson knew, or had reason to know, that Wammer and Meyer's past repeated safety violations created an unreasonable risk of harm to others.

6. As a direct result of Defendant C.H. Robinson negligently entrusting the shipment carried by Defendants Meyer and Wammer, the Plaintiff, suffered the injuries, damages, and harm previously enumerated.

WHEREFORE plaintiff Christian Calle Valdez demands judgement against defendant C.H. Robinson its agents, servants, and employees jointly, severally and for damages, interest, and costs of suit.

## EIGHTH COUNT

1. Plaintiff repeats and restates the allegations in the first seven counts of this complaint as if set forth at length herein.

2. Defendant C.H. Robinson had a duty to exercise reasonable care and hire a competent and careful motor carrier to transport goods when it retained Defendants Meyer and Wammer.

3. The work Defendant C.H. Robinson hired Defendants Wammer and Meyer to do involved a risk of physical harm unless it was skillfully and carefully done in accord with accepted standards of safety.

4. The injuries, harm, and damages suffered by the Plaintiff were the result of the negligence and recklessness of Defendants Wammer and Meyer in a way that was consistent with past actions of these defendants previously documented in prior repeated safety violations.

5. As a direct result of Defendant C.H. Robinson's negligent hiring of Defendants Meyer and Wammer, the Plaintiff, suffered the injuries, damages, and harm previously enumerated.

WHEREFORE plaintiff Christian Calle Valdez demands judgement against defendant C.H. Robinson its agents, servants, and employees jointly, severally and for damages, interest, and costs of suit.

## NINTH COUNT

1. Plaintiff repeats and restates the allegations in the first eight counts of this complaint as if set forth at length herein.

2. At all times relevant, John and Jane Does 1-10 and ABC Corp. 1-10 are individuals or entities who were liable and responsible for the plaintiff's damages who have not yet been identified.

3. As a direct and proximate result of the aforesaid negligence of the defendant's, the plaintiff, Cristian Calle Valdez, suffered severe and permanent injuries, and in the future will suffer great pain and emotional distress, was required to curtail his usual activities and pursuits and thereby incurred lost wages.

WHEREFORE plaintiff Christian Calle Valdez demands judgement against defendants John and Jane Does 1-10 and ABC Corp. 1-10, their agents, servants, and employees jointly, severally and alternatively for damages, interest, and costs of suit.

8

## JURY DEMAND

Plaintiff hereby demands a jury in this matter with respect to all claims permitted to be heard.

## DESIGNATION OF TRIAL COUNSEL

The firm of Ginarte, Gallardo, Gonzalez & Winograd, L.L.P., attorneys for Plaintiff Cristina Calle Valdez, hereby appoint John Ratkowitz, Esq., as trial counsel.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that to the best of my knowledge the matter is controversy is not the subject of any other action pending in this Court or any other court, or of any pending arbitration or administrative proceedings.

          GINARTE, GALLARDO, GONZALEZ, WINOGRAD, L.L.P.
          Attorneys for Plaintiff

          */s/ John Ratkowitz*
BY:_____
          JOHN RATKOWITZ, ESQ.

DATED: March 29, 2018